IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03190-BNB

JOHN W. PEROTTI,

    Applicant,

v.

WARDEN CHARLIE DANIELS,

    Respondent.

## ORDER OF DISMISSAL

    Applicant, John W. Perotti, is a prisoner in the custody of the United States Bureau of Prisons (BOP). He was incarcerated at the United States Penitentiary in Florence, Colorado, when he initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). According to a notice of change of address Mr. Perotti filed on January 30, 2012, he has been transferred to the United States Penitentiary-Canaan in Waymart, Pennsylvania.

    On December 14, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On January 5, 2011, Respondent filed a Preliminary Response (ECF No. 6) arguing that this action should be dismissed for failure to exhaust administrative remedies. On January 20, 2012, Mr. Perotti filed a reply (ECF No. 8).

    The Court must construe Mr. Perotti's filings liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the instant action.

Mr. Perotti is serving a 210-month sentence for possession of a firearm by a felon in violation of 18 U.S.C. § 922. He has a projected good-conduct-time release date of February 1, 2019. In the instant action, Mr. Perotti is challenging the loss of twenty-seven days of good conduct time as a sanction arising from a disciplinary infraction for consumption of an intoxicant. He alleges that he was found guilty of the violation based on faulty evidence, namely that the breath test for intoxication was administered improperly. He also alleges that he was denied "his witnesses documentary evidence" and a "staff representative." *See* ECF No. 1 at 3.

Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Perotti. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts

administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  See 28 C.F.R. §§ 542.13 - 542.15.

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."  Id.

On October 25, 2010, Mr. Perotti appealed to the North Central Regional Office the sanctioned loss of his good conduct time.  On October 27, 2010, the North Central Regional Office rejected Mr. Perotti's appeal because he submitted it to the wrong regional office.  The North Central Regional Office instructed Mr. Perotti that he must submit the appeal to the regional office where he then was housed, the Southeast Regional Office.  On November 9, 2010, Mr. Perotti submitted his appeal to the Southeast Regional Office, which rejected the appeal because Mr. Perotti failed to provide a supporting documentation, i.e., a copy of the discipline hearing officer's (DHO) report, or otherwise identify the charges and date of the DHO action from which he was appealing.

On December 12, 2010, Mr. Perotti appealed to the Central Office, which on

January 5, 2011, rejected the appeal, explaining that Mr. Perotti had submitted the appeal to the wrong level or office.  On October 5, 2011, Mr. Perotti resubmitted the appeal to the Central Office, which again rejected the appeal and instructed Mr. Perotti to submit the appeal to the Regional Office for review and determination.

Mr. Perotti failed to do so.  Respondents contend he did not submit his appeal to the appropriate or, for that matter, any regional office.  Because Mr. Perotti did not properly submit his appeal to the appropriate regional office, his appeal was rejected and never considered on the merits by a regional office.  In addition, the Central Office twice rejected his appeal because it had not been considered by the appropriate regional office.  Therefore, Respondents argue, Mr. Perotti failed to exhaust his administrative remedies.  Mr. Perotti fails to demonstrate otherwise.  Because Mr. Perotti failed to satisfy the exhaustion requirement through the proper use of available administrative remedies, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that Applicant's request in his letter (ECF No. 10) of March 1, 2012, for a copy of the docket sheet in the instant action is granted. The clerk of the Court is directed to mail to Applicant, a docket sheet together with a copy of this order.

DATED at Denver, Colorado, this 6th day of March, 2012.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court