IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03190-BNB

JOHN W. PEROTTI,

    Applicant,

v.

WARDEN CHARLIE DANIELS,

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

Applicant, John W. Perotti, a federal prisoner who is in the custody of the United States Bureau of Prisons, filed *pro se* a motion titled, "Petitioner's Motion to Alter/Amend the Judgment and/or Motion for Relief From the 3/06/12 Judgment" (ECF No. 16) on March 26, 2012.

The Court must construe the motion liberally because Mr. Perotti is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Perotti filed the motion for reconsideration within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action on March 6, 2012. The Court, therefore, finds that the motion to reconsider is filed

pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion for reconsideration and the entire file, the Court concludes that Mr. Perotti fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Perotti initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on December 8, 2011, challenging the loss of his good-time credits. In the March 6 dismissal order, the Court determined that Mr. Perotti had failed to satisfy the exhaustion requirement through the proper use of available administrative remedies as to the challenge to his loss of good-time credits. In his March 26 motion to reconsider, Mr. Perotti fails to show otherwise.

Mr. Perotti has not asserted any of the major grounds that would justify reconsideration in his case and, therefore, the motion for reconsideration will be denied. *See Servants of the Paraclete*, 204 F.3d at 1012. If Mr. Perotti believes that he now has satisfied the exhaustion requirement through the proper use of available administrative remedies, he may initiate a new and separate § 2241 action, because the instant action was dismissed without prejudice.

Accordingly, it is

ORDERED that the motion titled, "Petitioner's Motion to Alter/Amend the Judgment and/or Motion for Relief From the 3/06/12 Judgment" (ECF No. 16) that Applicant, John W. Perotti, filed *pro se* on March 26, 2012, is denied. It is

FURTHER ORDERED that the motion titled "Motion of Perotti Requesting Magistrate Boland to Preside Over Settlement Conference With Bureau of Prisons" (ECF No. 17) filed on March 30, 2012, is denied as moot.

DATED at Denver, Colorado, this  16th  day of      April        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court